**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| Champagne Louis Roederer (CLR), S.A., ) | |
| ) | |
| ) | |
|     Plaintiff, ) | Civil Action No. _____ |
| v. ) | **JURY** |
| ) | |
| ) | |
| Diane Delagrange, and ) | |
| Roederer USA, LLC, ) | |
| ) | |
| ) | |
|     Defendants. ) | |

**<u>COMPLAINT</u>**

The plaintiff, Champagne Louis Roederer (CLR), S.A, states and alleges as follows:

**<u>THE PARTIES</u>**

1.      Plaintiff, Champagne Louis Roederer (CLR), S.A. ("Roederer") a société anonyme also known as Champagne Louis Roederer, S.A., is duly organized and existing under the laws of France, with a mailing address of 21, Boulevard Lundy, 51100 Reims, France.

2.      Defendant Diane Delagrange ("Delagrange") is an individual and a resident of this judicial district, with a residence and mailing address of 809 Brogden Road, Houston, Texas 77024.   Delagrange also goes by the names Diane Roederer Delagrange and Diane Marthe Mathilde Roederer.

3.      Defendant Roederer USA, LLC ("Roederer USA") is a Texas limited liability company formed after the events giving rise to this action commenced by Delagrange, who also

1

serves as its Registered Agent.  Roederer USA shares an address with Delagrange at 809 Brogden Road, Houston, TX 77024.

## NATURE OF ACTION AND JURISDICTION

4.      This is an action for trademark infringement, unfair competition and dilution under the Lanham Act, 15 U.S.C. §§ 1051 et seq., state and common law trademark infringement and unfair competition under Tex. Bus. & Comm. Code, §16.29 and the common law of the state of  Texas.

5.      This Court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over Roederer's claims under state law under 28 U.S.C. § 1367(a).  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and regards a resident of Texas.

6.      This Court has personal jurisdiction over Delagrange because *inter alia* Delagrange resides and is domiciled within this judicial district, Delagrange does business in this judicial district and the conduct of Delagrange complained of in this Complaint occurred in this judicial district.  This Court has jurisdiction over Roederer USA because it is a Texas Company.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL BASIS

8.      This case is about Defendants' intentional and willful copying of Roederer's Trademark and use of that intellectual property in connection with the operation of Defendants' newly established business, Roederer USA, and Defendants' attempt to appropriate and register Defendants' newly adopted trade name ROEDERER USA (and Design) with the United States Patent and Trademark Office, resulting in likely confusion among potential customers and damage to Roederer.

2

**Roederer's Well-Known Trademark**

9.      Roederer is a producer of champagne and other wines, based in Reims, France. Roederer was founded in 1776 and first adopted the trademark "Louis Roederer" in 1826. Roederer remains one of the few independent and family run Champagne houses in business today.  Over 3,500,000 bottles of Roederer champagne are shipped each year, to more than 100 countries.

10.      The United States market is a very important market for Roederer.  It has spent substantial sums of money building its brand, its reputation and the market for its products here. Roederer also produces sparkling wine in the United States and sells that product under the name and trademark Roederer Estate®.  The production of Roederer Estate sparkling wine is not considered to be part of its production of champagne because wines not made in the Champagne Region of France are not included in its sales of "Champagne."

11.      The Roederer name is extremely well known for many reasons.  The publicity, public recognition and reputation of Roederer has been woven into the fabric of our culture for many years.  Roederer is known as the producer of the premium champagne called CRISTAL®, popular for over a century as the preferred champagne of movie stars, celebrities, and those who appreciate excellent wine.   Sales of CRISTAL champagne have been continuous in the United States since Prohibition ended in 1937.

12.      The United States District Court for the District of Minnesota found that Roederer's CRISTAL mark had "achieved significant recognition by the general public over the past two decades."  *Champagne Louis Roederer v. J. Garcia Carrion, S.A. and CIV USA* 06-cv-

213-JNE-SRN doc. 346, p. 49.  That court also found that "the quantity and continuity of the
media mentions and product placements indicate that today's general public recognizes
CRISTAL champagne as a high-status product." *Id.*  The reputation and renown of Roederer are
inseparable from that of CRISTAL champagne.

      13.     Roederer is the owner of the following U.S. Trademark Registrations:

**LOUIS ROEDERER**, U.S. Reg. No. 0,096,996, used in connection with champagne-
wine, in International Class 33.  Said registration was registered on the Principal Register on
May 12, 1914 and was based on a foreign registration filed in France on August 14, 1913, which
is a date prior to the date of filing of Applicant's application and prior to any alleged use by
Delagrange of her mark.  This registration is incontestable.

**LOUIS ROEDERER**, U.S. Reg. No. 1,613,179, used in connection with wines, in
International Class 33.  Said registration was registered on the Principal Register on September
11, 1990, with a first use date of 1877, which is a date prior to the date of filing of Applicant's
application and prior to any alleged use by Delagrange of her mark.  This registration is
incontestable.



      **LOUIS ROEDERER & Design**, U.S. Reg. No. 3,818,492, used
in connection with alcoholic beverages except beers; wines; sparkling wines; wines of French
origin, namely, wines with the protected appellation of origin Champagne, in International Class
33.  Said registration was registered on the Principal Register on July 13, 2010, and was based on
International Registration Number 1,000,822 with a registration date of November 3, 2008,
which is a date prior to the date of filing of Applicant's application and prior to any alleged use
of by Delagrange of her mark.

**ROEDERER ESTATE**, U.S. Reg. No. 1,614,133, used in connection with wines, in
International Class 33.  Said registration was registered on the Principal Register on September
18, 1990, with a first use date of October 14, 1988, which is a date prior to the date of filing of
Applicant's application and prior to any alleged use of by Delagrange of her mark.  This
registration is incontestable.



**LR CRISTAL LOUIS ROEDERER CHAMPAGNE RL & Design**, U.S. Reg. No. 3,385,626, used in connection with alcoholic beverages, namely, [liqueurs,] wines, sparkling grape wines; French wines, namely, wines with the Champagne protected label of origin, in International Class 33.  Said registration was registered on the Principal Register on February 19, 2008 and was based on International Registration No. 0,855,293 with a registration date of June 21, 2005, which is a date prior to the date of filing of Applicant's application and prior to any alleged use of by Delagrange of her mark.  This registration is incontestable.

(Hereinafter  "Roederer's Trademarks".)

14.     Roederer's registered marks are valid and subsisting, and are prima facie evidence of Roederer's exclusive right to use said marks in commerce in connection with the goods and services specified in each registration.  In addition, Reg. Nos. 0,096,996; 1,613,179; 1,614,133; and 3,385,626 are incontestable under §15 of the Lanham Act (15 U.S.C. §1065), and are therefore conclusive evidence of the validity of the registered marks, of registration of the marks, of Roederer's ownership of the marks, and of Roederer's exclusive right to use the marks in commerce under §33(b) of the Lanham Act (15 U.S.C. §1115(b)).

15.     Roederer has sold champagne since at least as early as 1877 under the mark LOUIS ROEDERER, as shown in U.S. Registration No. 96,996, and under the common law mark ROEDERER.    Said use has been continuous outside the United States since the date of first use and has not been abandoned.   Roederer did not distribute its products in the United States during prohibition, but the products have been in continuous distribution in the United States since approximately December of 1937 when prohibition ended.  The wines of Roederer are extremely well known, and enjoy an excellent and hard won reputation.  Many of Roederer's wines receive

excellent rankings and tasting scores in leading periodicals in the wine, beverage and food industry. At least twice recently, Roederer's CRISTAL® champagne has received a perfect score of 100 points in <u>Wine Spectator</u> magazine.   Other competitive rankings and publications have similarly ranked Roederer's products extremely highly.  Recognized  wine writers such as Robert Parker, and Ed McCarthy have commented very favorable on the wines made by Roederer, as well as the reputation of the house in general, and have done so for many years.  The publicity and renown generated by such extraordinary results is significant.  Roederer, and Roederer's products have been named or featured in numerous popular movies, television shows, books, magazines, social media and even many popular music song lyrics.  Such use in such media is *prima facie* evidence of the secondary meaning of the names and marks involved.

16.     Roederer has strong common law rights in the name ROEDERER alone, having used the term prominently on all of its champagne products (except CRISTAL champagne) for more than two decades without interruption.  A representative example of such use is shown below, where the trademark ROEDERER appears on the neck wrapper of the bottle.  Millions of impressions of this mark have appeared on the products made and sold by Plaintiff over at least the last twenty years.



17.    Consistent with the applicable laws regulating the sale and distribution of wine since prohibition ended in 1937, Roederer sells its wine to an authorized importer, who sells the wine to authorized distributors, who then sell the wine to licensed retailers, either wine shops, liquor stores or other "off sale" locations, or to restaurants, clubs, hotels, or other "on sale" establishments.  The wine is marketed to wine sommeliers, shop owners, restaurant owners, chefs and ultimately to retail purchasers in shops, clubs, restaurants, or other establishments. The ROEDERER name often appears on the wine card, wine list or menu in restaurants that offer the wine, in wine magazines, in wine shops, on point of sale materials, print and on-line catalogs of wine merchants, and in the food and wine press.

18.    The Roederer name is extremely well known by those who purchase wine for restaurants, such as sommeliers, wine stewards and night club or restaurant owners, chefs, and purchasing agents.  Roederer promotes its products and enhances its reputation by sponsoring wine dinners and other events where wines are sampled, and often where food is served together with wine.  Such wine dinners and similar events have been conducted by Roederer for many

years.  Tickets to attend such events are often highly sought after.  Not long ago Roederer was a sponsor of the Annual New Yorker Festival, affiliated with *The New Yorker* magazine published by Condé Nast.  Roederer sponsors numerous cultural events, art openings, sporting events, and other similar events where food and beverages are served.  All of the above described events have taken place for many years.

19.     As a result, the word ROEDERER points directly and immediately to Roederer, and serves as Roederer's identity and persona in the eyes of consumers, purchasers, and potential purchasers and has done so since long prior to any commercial activities undertaken by Delagrange.  The mark ROEDERER is famous and is widely known by the general consuming public as a designation of source of Roederer's goods.  The ROEDERER mark became famous long before either of the Defendants commenced any use of their confusingly similar mark.

**Defendants' Illegal Infringing Activity**

20.     Delagrange filed a trademark application with the United States Patent and Trademark Office seeking to register the trademark ROEDERER USA and Design substantially as shown below.



21.     This application was filed on October 15, 2014 by Delagrange.  The application was based merely on Delagrange's alleged bona fide intent to use the mark, and no actual use of the mark in commerce was claimed by Delagrange.  The application seeks to register the mark for "distribution services, namely, delivery of food products;  import services, namely,

transportation of the merchandise of others in the nature of fresh produce, herbs, spices, seafood, frozen foods, oils, butter, chocolate, sauces, and truffles," in International Class 39.

22.     The ROEDERER USA application filed by Delagrange was assigned Application Serial No. 86/424,327 by the United States Patent and Trademark Office (USPTO).  Roederer filed a timely opposition to the registration of Application Ser. No. 86/424,327 and recently commenced Opposition Proceeding No. 91223774 against that application before the Trademark Trial and Appeal Board within the USPTO.

23.     It appears from the Assignments on the Web portion of the USPTO website, that Ms. Delagrange filed both a change of name, apparently recorded on July 6, 2015 and later an assignment of trademark Application Ser. No. 86/424,327 to defendant Roederer USA, LLC, also recorded on July 6, 2015.   At the time of the publication of this application in the Official Gazette published by the USPTO, the application was in the name Diane Delagrange.

24.     The assignment of this application states that "Assignor [Delagrange] hereby assigns, transfers and conveys unto Assignee [Roederer USA], all of Assignor's right title and interest in and to the Mark, pending registration and under common law, the goodwill of the business symbolized thereby, and the right to recover damages and profits for past infringement thereof."   This document was recorded within the records of the USPTO at Reel 005568 Frame 0817 as document number 900329980 on or about July 6, 2015.

25.     On information and belief, the attempted assignment of Application Ser. No. 86/424,327 from Delagrange to Roederer USA LLC is invalid and ineffective under 15 U.S.C. §1060, because no application to register a mark based on the intention of the Applicant to use the mark shall be assignable prior to the filing of either a Statement of Use or an Amendment to Allege Use of the mark being filed, and neither such document has been filed by Delgrange in

the application.  No allegation is made by Delagrange that Roederer USA is a successor to the business of Delagrange or that any business of Delagrange was ongoing or existing at the time of the attempted transfer.

26.     Should the attempted assignment of the ROEDERER USA mark to Roederer USA be deemed effective, or partially effective, Roederer USA has not taken on the liability Delagrange incurred for infringing use of the mark prior to the date of the attempted assignment, at a minimum leaving her personally liable for any and all damages incurred prior to any attempted transfer of the mark.

27.     In the alternative, upon information and belief, Delagrange is individually directly engaged in the activities of Roederer USA, and Delagrange uses the name Roederer USA as an alias to operate her business.  Upon information and belief, Delagrange is an officer or principal of Roederer USA, LLC, and directs all acts of the entity.

28.     Upon information and belief, sometime in 2014 or 2015, the exact date being unknown to Roederer, Delagrange began using the mark ROEDERER USA, both with and without a design element, to establish a new business seeking to import and sell in the United States market luxury and high end foods, and food ingredients.  During that time period, Delagrange also incorporated and began operating under the business name Roederer USA, LLC.

29.     For example, and not by way of limitation, Defendants have imported truffles from Spain and/or Italy and attempted to sell them to chefs, restaurant owners and commercial food purchasers in the Houston, Texas area.  Defendants have on several occasions sponsored or arranged for wine dinners to promote Delagrange, Defendants' products and business, and Defendants have hosted promotional events in successful restaurants and clubs where fine wine was served along with, and as a companion to, Defendants' truffles and other imported foods.

30.     In many cases the locations selected for Defendants' promotional events were establishments that were already selling Roederer's wines.  All, or virtually all, of the establishments contacted by Defendants to host their events were and are familiar with Roederer's name and trademark for wines and champagnes.

31.     On at least one occasion, Defendant Delagrange contacted the local distributor for Roederer's wines and asked if they would like to participate in hosting the event and to offer Roederer's wines to be consumed with ROEDERER USA's truffles and foods.

32.     Defendants seek to offer their goods in the same channel of trade, and to the same customers who are the wholesale and retail buyers of Roederer's wines and champagnes.

33.     On information and belief, Defendants are familiar with the Roederer name and trademark of Roederer, as well as the reputation of Roederer in the industry of fine food and wine, and Defendants selected the name ROEDERER USA in an attempt to capitalize on, misappropriate and "cash in" on the fame, renown, and reputation of Roederer in order to more easily establish Defendants' new business, and to profit from confusion, false association and the perception that Defendants' new business was related to, approved by or affiliated with Roederer.  On information and belief, Defendants have stated in their promotional activities, particularly to members of the press and/or those in the food and wine business, that Delagrange is part of the "famous family of French wine merchants," or has used words to that effect, and/or Defendants have failed to correct this false perception of connection with Roederer when Defendants have known that this perception and belief are widely and naturally held by the public.

34.     On at least two occasions, individuals working in the wine and food industry contacted Roederer's United States importer and asked for tickets to attend one of Defendants'

events in the mistaken belief that Roederer was the sponsor of one of Defendants' events.  This is evidence of actual confusion caused by the identity of the name selected by Defendants for their business with that of Roederer.

35.     Defendants' mark ROEDERER USA is confusingly similar to Roederer's Trademarks.  The marks are identical and confusingly similar in sight, sound, and meaning.

36.     Defendants' mark ROEDERER USA is deceptively similar to Roederer's Trademarks, and creates a reasonable but false perception of affiliation, sponsorship, endorsement or connection between the parties that does not exist.

37.     On June 12, 2015, and again on June 22, 2015 counsel for Roederer wrote Defendants, through their trademark application counsel, to advise Defendants of Roederer's trademark rights and to request that Defendants cease use of the ROEDERER USA mark and abandon trademark application Ser. No. 86/424,327.  Delagrange, through her counsel, refused to honor those requests.  Delagrange did however, attempt to transfer and assign the subject mark to Roederer USA, and record the same on or about July 6, 2015.  Despite actual knowledge of the rights of Roederer in the name and trademark ROEDERER, and despite being advised that actual confusion has occurred, Delagrange and Roederer USA continue to operate in a way creating a likelihood of confusion, deception and false association with Roederer, and continue to unfairly profit from the hard won reputation of Roederer within the food and wine industry.

## COUNT I:  FEDERAL TRADEMARK INFRINGEMENT

38.     Roederer repeats the allegations of paragraphs 1-37 of this Complaint as if fully set forth herein.

39.     Defendants' use of Roederer's Trademarks, or marks confusingly similar thereto, is likely to cause confusion, mistake, or deception as to origin, sponsorship or approval and therefore constitutes federal trademark infringement in violation of 15 U.S.C. § 1114(1).

40.     As a result of Defendants' conduct, Roederer has suffered and continues to suffer damages including, without limitation, the loss of sales Roederer would have made but for Defendants' acts, in an amount to be proven at trial and the loss of goodwill and exclusivity in Roederer's Trademarks.

41.     As a direct and proximate result of Defendants' above-described conduct, Defendants Delagrange and Roederer USA have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

42.     Unless enjoined by this Court, Defendants' above-described conduct will cause irreparable injury, for which Roederer has no adequate remedy at law, in the nature of injury to the reputation and goodwill of Roederer's Trademarks as well as confusion and deception among customers.  Roederer is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

43.     Defendants' actions were taken in willful, deliberate, and/or intentional disregard of Roederer's rights.  Roederer is entitled to recover trebled damages, Roederer's attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

## COUNT II:  FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

44.     Roederer repeats the allegations of paragraphs 1-43 of this Complaint as if fully set forth herein**.**

45.     The acts of Defendants complained of herein constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46.    Defendants' activities are likely to cause confusion, or to cause mistake or to deceive as to affiliation, connection, or association of Defendants and their goods and services with Roederer, or as to the origin, sponsorship or approval of Defendants' goods and services by Roederer, all in violation of 15 U.S.C. § 1125(a).

47.    As a result of Defendants' conduct, Roederer has suffered and continues to suffer damages including, without limitation, the loss of sales Roederer would have made but for Defendants' acts, in an amount to be proven at trial and the loss of goodwill and exclusivity in Roederer's Trademarks.

48.    As a direct and proximate result of Defendants' above-described conduct, Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

49.    Unless enjoined by this Court, Defendants' above-described conduct will cause irreparable injury, for which Roederer has no adequate remedy at law, in the nature of injury to the reputation and goodwill of Roederer's Trademarks as well as confusion and deception among customers.  Roederer is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

50.    Defendants' actions were taken in willful, deliberate, and/or intentional disregard of Roederer's rights.  Roederer is entitled to recover trebled damages, Roederer's attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

### COUNT III:  FEDERAL FALSE ADVERTISING

51.    Roederer repeats the allegations of paragraphs 1-50 of this Complaint as if fully set forth herein.

52.    The acts of Defendant complained of herein constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1) (B).

14

53.     As stated above, Defendants have made and continues to make false, misleading and inaccurate statements regarding Roederer, her connection with the Roederer family of wine merchants, and she has failed to correct those known to her to hold that incorrect opinion formed from her advertising and commercial speech in commerce.

54.     Roederer and Defendants are competitors in the food and wine industry, and Roederer believes it is, or is likely to be, damaged by such false, misleading and inaccurate statements and omissions.  Roederer has a reasonable basis for believing its interests are likely to be damaged because there is both a likely injury in the form of lost sales, lost market share and damaged goodwill.  Defendants' false, misleading and inaccurate statements and omissions have caused those injuries.

55.     As a result of Defendants' conduct, Roederer has suffered and continues to suffer damages including, without limitation, the loss of sales Roederer would have made but for Defendants' acts, in an amount to be proven at trial and the loss of goodwill and exclusivity in Roederer's Trademarks.

56.     As a direct and proximate result of Defendants' above-described conduct, Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

57.     Unless enjoined by this Court, Defendants' above-described conduct will cause irreparable injury, for which Roederer has no adequate remedy at law, in the nature of injury to the reputation and goodwill of Roederer's Trademarks as well as confusion and deception among customers.  Roederer is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

58.     Defendants' actions were taken in willful, deliberate, and/or intentional disregard of Roederer's rights.  Roederer is entitled to recover trebled damages, Roederer's attorneys' fees,

and the costs of this litigation pursuant to 15 U.S.C. § 1117.

## COUNT IV: FEDERAL DILUTION BY BLURRING

59.     Roederer repeats the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

60.     By the actions set forth above, Defendants have commenced use of a mark or trade name in commerce that is likely to cause dilution by blurring of Roederer's famous mark, and Roederer is entitled to injunctive relief to prevent the same under 17 U.S.C. 1125 (c) (1).

61.     Roederer's Trademarks are distinctive and famous marks.     Roederer's Trademarks have long been used on and in connection with the sale of Roederer's wine, have long been the subject of substantial advertising and promotion, and are widely recognized by consumers and those in the trade.

62.     Defendants' acts as alleged above were commenced and committed from a time well after Roederer's Trademarks became famous.

63.     Defendants' acts have lessened the capacity of Roederer's Trademarks to identify and distinguish the goods of Roederer.  Defendants' acts have blurred the unique association which has heretofore existed between Roederer's Trademarks and the wine produced and sold by Roederer.  Accordingly, Defendants' acts are in violation of 15 U.S.C. § 1125(c)(1) in that they have caused a dilution of the distinctive quality of Roederer's Trademarks all to the irreparable injury and damage of Roederer.

## COUNT V
## REFUSAL TO REGISTER APPLICATION SERIAL NO. 86/424,327
## UNDER 15 U.S.C. §1119

64.     Roederer repeats the allegations of paragraphs 1-63 of this Complaint as if fully set forth herein.

65.     This claim arises under Section 37 of the Lanham Act, 15 U.S.C. § 1119. Pursuant to § 1119, a mark that is improperly filed may be refused registration or canceled by a court of law at any time.

66.     Under 15 U.S.C. § 1060, no intent-to-use trademark application to register a mark is assignable prior to filing an amendment of use except for an assignment to a successor to the business of the applicant, or portion thereof, to which the mark pertains, if that business is ongoing an existing.

67.     The assignment of an intent-to-use application to someone who is not the successor to the Applicant's business before filing an allegation of use renders the application and any resulting registration void.

68.      For the reasons described herein, Roederer has demonstrated that it would be damaged by registration of the confusingly similar and deceptive mark  ROEDERER USA mark in the name of either Delagrange or Roederer USA, and that this court should use its power under 15 U.S.C. § 1119 to instruct the USPTO not to allow registration of Application Serial No. 86/424,327.

69.     For all of these reasons, registration of Application Serial No. 86/424,327 should be refused and the application should be held void and unregisterable.

<u>**COUNT VI**</u>
<u>**STATE UNFAIR COMPETITION: TEXAS BUS. & COMM. CODE, § 16.29**</u>

70.     Roederer repeats the allegations of paragraphs 1-69 of this Complaint as if fully set forth herein.

71.     The actions of Defendants complained of above constitute unfair competition in violation of the law of the State of Texas.

72.     Defendants' use of a confusingly similar name and trademark ROEDERER USA

is calculated to deceive the relevant consuming public into accepting and purchasing Defendants'
goods in the mistaken belief that they are Roederer's goods, or that they are sponsored by,
connected with, or supplied under the supervision of Roederer.

73.     Defendants' adoption and use of the ROEDERER USA name on its goods and
services constitutes unfair competition.  By such use, Defendants have represented that their
goods are actually those supplied by Roederer.  This use creates likelihood that the public will be
confused or deceived.

74.     Defendants' actions constitute dilution, unfair competition, palming off, passing
off, unjust enrichment and misappropriation of Roederer's rights under Tex. Bus. & Comm.
Code, § 16.29 and the common law of the State of Texas.  Such actions permit, and will continue
to permit, Defendants to use and benefit from the goodwill and reputation earned by Roederer in
order to readily obtain customer acceptance of the goods offered for sale, and to give
Defendants' goods and services a salability they would not otherwise have, all at Roederer's
expense.

75.     As a result of Defendants' acts, Roederer has already suffered damage and will
continue to suffer damage, while Defendants profit at Roederer's expense.  Defendants' activities
entitle Roederer to Defendants' profits and to damages for such acts of unfair competition.

76.     Unless Defendants are enjoined, Roederer has no adequate remedy at law and will
be irreparably harmed.

77.     Defendants' acts complained of herein have been and are grossly negligent,
deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious
disregard of Roederer's rights and with intent to cause confusion, dilution, and to trade off
Roederer's vast good will in its Marks, making this an exceptional case and entitling Roederer to

enhanced damages and attorney's fees.

## COUNT VII
## COMMON LAW TRADEMARK INFRINGEMENT

78.     Roederer repeats the allegations of paragraphs 1-77 of this Complaint as if fully set forth herein.

79.     Defendants' acts described above constitute common law trademark infringement.

80.     As a result of Defendants' above-described conduct, Roederer has suffered and continues to suffer damages including, without limitation, unjust enrichment damages, in an amount to be proven at trial based on Defendants' gross sales less only elements of cost or deduction allowed by this court.

81.     Unless enjoined by this Court, Defendants' above-described conduct will cause irreparable injury, for which Roederer has no adequate remedy at law, in the nature of injury to the reputation and goodwill of Roederer as well as confusion and deception among customers.

82.     Defendants' acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of Roederer's rights and with intent to cause confusion, dilution, and to trade off  the vast good will in Roederer's Mark, making this an exceptional case and entitling Roederer to enhanced damages and attorney's fees at least as provided under Texas Civil Practices & Remedies Code § 41.003.

## COUNT VIII
## COMMON LAW UNFAIR COMPETITION

83.     Roederer repeats the allegations of paragraphs 1-82 of this Complaint as if fully set forth herein.

84.     Defendants' activities complained of constitute common law unfair competition under Texas common law in that they are likely to cause consumers to believe that Defendants' products originate from the same source as, or are sponsored or approved by the maker of Roederer's products, or that there is an association, affiliation or connection between Defendants and the maker of Roederer's products.

85.     Upon information and belief, Defendants' actions are with the knowledge of Roederer's Trademarks and with the intent to cause confusion and/or trade on Roederer's reputation and goodwill.

86.     Roederer has and will continue to be irreparably harmed and damaged by Defendants' conduct and Roederer lacks an adequate remedy at law to compensate for this harm and damage.

WHEREFORE, Roederer prays that:

1.     Defendants, individually and collectively, and all agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be permanently enjoined from and ordered to:

(a)     Cease using Roederer's ROEDERER Marks, and any other mark that is confusingly similar to any of Roederer's ROEDERER Marks, in any manner that violates the rights of Roederer and modify all of Defendants' signage, advertising, social media usage, product packaging, and promotional material to eliminate Roederer's ROEDERER Marks, and any other mark that is confusingly similar to Roederer's ROEDERER Marks;

(b)     Cease making any unfair, untrue, or misleading statements about either Defendants' own products and services, or the products and services of Roederer, including but not limited to being part of "the Roederer family of wine merchants" and

20

remove any and all unfair, untrue, or misleading statements about Defendants' own products or services, any connection between the parties, or the products and services of Roederer;

(c)     File with this Court and serve upon Roederer within 30 days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction; and,

(d)     Compelling destruction of all infringing works, business materials, brochures, web pages, advertising, signage, temporary signage or logos, invoices, business cards, or business materials, sales decks, and the like within the care, custody or control of Defendants that violate the rights of Roederer.

2.      Roederer be awarded all damages it sustains as a result of Defendants' infringement and unfair competition, and that said damages be trebled;

3.      An accounting be directed to determine Defendants' profits resulting from Defendants' activities complained of herein, and that such profits be paid over to Roederer, increased as the Court finds to be just under the circumstances of this case;

4.      The Court award statutory damages, costs and fees as provided for in 15 U.S.C. § 1117(d), and applicable Texas Statutes.

5.      Roederer recover its costs of this action and prejudgment and post-judgment interest, and attorneys' fees as provided by Federal Rules of Civil Procedure;

6.      Roederer be awarded its attorney's fees and the costs of this action under trademark law, Texas law or Texas common law;

7.     The Court instruct the USPTO to not register Application Ser. No. 86/424,327 to Delagrange, or her assigns, for all the reasons set forth in this Complaint; and,

8.     Roederer recover such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

Under  Fed. R. Civ. P. 38(b), Roederer hereby demands a trial by jury on all issues triable as of right by a jury.

*Of  Counsel*:

Elizabeth W. King
SUTTON MCAUGHAN DEAVER PLLC
Texas Bar No. 00788710
S.D.  Bar No. 433,387
Three Riverway, Suite 900
Houston, Texas 77056
Telephone: (713) 800-5706
Facsimile: (713) 800-5699
Email: eking@smd-iplaw.com

John A. Clifford (pending *Pro Hac Vice*)
Minnesota Reg. No. 134,181
Heather J. Kliebenstein (pending *Pro Hac Vice*)
Minnesota Reg. No. 337,419
MERCHANT & GOULD P.C.
80 South Eighth Street, Suite 3200
Minneapolis, Minnesota 55402-2215
Telephone:  (612) 332-5300
Facsimile:   (612) 332-9081

SUTTON MCAUGHAN DEAVER PLLC

/s/ Albert B. Deaver, Jr.
Albert B. Deaver, Jr.
Texas Bar No. 05703800
S.D. Bar No.  11,300
Three Riverway, Suite 900
Houston, Texas 77056
Telephone: (713) 800-5703
Facsimile: (713) 800-5699
Email: adeaver@SMD-IPLaw.com

Attorneys  For   Plaintiff  Champagne  Louis Roederer (CLR), S.A.